# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Case No. 13-739V
**Filed: April 1, 2015**
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * *
SHAVARA PERKINS,                         *
                                         *
              Petitioner,                *    Decision on Damages; Influenza;
v.                                       *    SIRVA; Complex Regional Pain
                                         *    Syndrome; Neuritis; Bursitis.
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
              Respondent.                *
                                         *
* * * * * * * * * * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA for petitioner.
Lynn E. Ricciardella, U.S. Department of Justice, Washington, DC for respondent.

## DECISION ON DAMAGES[1]

**Gowen**, Special Master:

On September 25, 2013, Shavara Perkins ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. On November 25, 2013, petitioner filed an amended petition alleging that as a result of receiving an influenza ("flu") vaccine

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

1

on October 5, 2010, she suffered an injection related shoulder injury, including but not limited to, neuritis, bursitis, complex regional pain syndrome, reflex dystrophy syndrome, and chronic pain syndrome. Amended Petition at ¶ 1. On January 24, 2014, respondent filed a Rule 4(c) Report ["Respondent's Report"] in which she conceded that petitioner is entitled to compensation. Resp't Report at 2. Chief Special Master Vowell issued a Ruling on Entitlement on that same day, finding petitioner is entitled to compensation based on an injury caused-in-fact by a covered vaccine.

On April 1, 2015, respondent filed a Proffer on an award of compensation, indicating that petitioner has agreed to compensation in the amount of $963,846.22, to be paid to petitioner only, for life care expenses expected to be incurred during the first year after judgment, lost earnings, pain and suffering, and past unreimburseable expenses. Petitioner shall also receive an amount sufficient to purchase an annuity contract described in section II(B) of the Proffer, attached hereto as Appendix A. Petitioner's counsel was contacted by the undersigned's chambers on April 1, 2015 and he confirmed petitioner's agreement with the proposed compensation amounts. Pursuant to the terms in the attached Proffer, **the undersigned awards petitioner the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

1. **A lump sum payment of $963,846.22 in the form of a check payable to petitioner, Shavara Perkins; and**

2. **An amount sufficient to purchase an annuity contract to provide the benefits described in section II, paragraph B of the Proffer, to be paid to a life insurance company meeting the criteria described in footnote 4.**

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| SHAVARA PERKINS, ) <br> ) <br>                Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br>                Respondent. ) <br> ) | No. 13-739V <br> Special Master Gowen |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.**     **Items of Compensation**

    A.     Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and petitioner engaged Hurley & Econs Consulting, to provide an estimation of Shavara Perkins's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report filed January 24, 2014. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Shavara Perkins, attached hereto as Tab A.[1] The life care plan is attached hereto as Tab B. Respondent proffers that Shavara Perkins should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.   Lost Earnings

The parties agree that based upon the evidence of record, Shavara Perkins has suffered a past loss of earnings and will continue to suffer loss of earnings in the future. Therefore, respondent proffers that Shavara Perkins should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Shavara Perkins's lost earnings is $578,584.20. Petitioner agrees.

C.   Pain and Suffering

Respondent proffers that Shavara Perkins should be awarded $220,396.24 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents Shavara Perkins's expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $28,491.89. Petitioner agrees.

## II.   Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $963,846.22, representing compensation for life care expenses expected to be incurred during the first year after judgment ($136,373.89), lost earnings

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

($578,584.20), pain and suffering ($220,396.24), and past unreimbursable expenses ($28,491.89), in the form of a check payable to petitioner, Shavara Perkins.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Shavara Perkins, only so long as she is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

  2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Shavara Perkins, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Shavara Perkins's death.

  3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.** **<u>Summary of Recommended Payments Following Judgment</u>**

  A. Lump Sum paid to petitioner, Shavara Perkins: **$963,846.22**
  B. An amount sufficient to purchase the annuity contract described above in section II. B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

        Respectfully submitted,

        BENJAMIN C. MIZER
        Acting Assistant Attorney General

        RUPA BHATTACHARYYA
        Director
        Torts Branch, Civil Division

        VINCENT J. MATANOSKI
        Deputy Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Senior Trial Attorney
        Torts Branch, Civil Division

        s/ Lynn E. Ricciardella
        Lynn E. Ricciardella
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Telephone: (202) 616-4356

Dated: April 1, 2015