# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-739V
**Filed: October 6, 2015**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| SHAVARA PERKINS, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

<u>Ronald C. Homer</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
<u>Lynn E. Ricciardella</u>, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 25, 2013, Shavara Perkins ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving an influenza vaccine on October 5, 2010, she suffered an injection related shoulder injury, including but not limited to, neuritis, bursitis, complex regional pain syndrome, reflex dystrophy syndrome, and chronic pain syndrome. See Petition, docket no. 1, filed Sept. 25, 2013; Amended Petition at ¶ 1, docket no. 14, filed Nov. 25, 2013. On January 24, 2014, respondent filed a Rule 4(c) Report in which she conceded that petitioner was entitled

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

to compensation under the terms of the Act. See Respondent's Report at 2, docket no. 19, filed Jan. 24, 2014. A ruling on entitlement was issued on that same day, finding that petitioner was entitlement to compensation. See Ruling on Entitlement, docket no. 20, filed Jan. 24, 2014. Thereafter, the parties informally resolved the amount of petitioner's compensation, and on April 1, 2015, respondent filed a proffer on damages. A decision awarding petitioner an annuity, and a lump sum payment of $963,864.22, pursuant to the terms of the proffer, was issued on April 1, 2015. See Decision, docket no. 47, filed Apr. 1, 2015. On April 6, 2015, judgment entered on the compensation decision.

On August 25, 2015, petitioner filed a motion for attorneys' fees and costs. In the motion, petitioner's counsel at the firm of Conway, Homer & Chin-Caplan requested the same hourly rates which were the subject of litigation in *McCulloch v. Sec'y of HHS*, No. 09-293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The undersigned issued a decision in *McCulloch* on September 1, 2015, setting forth reasonable hourly rates for the attorneys at Conway, Homer & Chin-Caplan. Thereafter, the undersigned ordered petitioner in this matter to file an amended motion for attorneys' fees and costs, consistent with the rates established in *McCulloch*. See Order, docket no. 54, filed Sept. 1, 2015. Petitioner filed the amended motion on September 3, 2015.

On October 2, 2015, respondent filed a response to petitioner's amended motion for attorneys' fees and costs, stating that "while [she] disagrees with the analysis and findings in [*McCulloch*], respondent has determined that her resources are not wisely used by continuing to litigate the issues addressed in that decision." Response to Amended Motion at 1-2, docket no. 58, filed Oct. 2, 2015. Accordingly, respondent indicated that she "defers to the special master's statutory discretion in determining a reasonable fee award for this case." Id. at 2.

Petitioner here requests a total award of attorneys' fees and costs in the amount of $71,602.02. Amended Motion at 2, docket no. 55, filed Sept. 3, 2015. This amount includes attorneys' fees in the amount of $47,751.30, costs in the amount of $19,588.77, and attorneys' fees for petitioner's referring attorney, Edward Berry, in the amount of $4,187.50. Id. at 1. Additionally, in accordance with General Order #9, petitioner represents that she incurred reimbursable costs in pursuit of this claim in the amount of $74.45. See Notice, docket no. 53, filed Sept. 25, 2015.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request, which is consistent with the rates and reasoning established in *McCulloch*, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

**(1) in the form of a check jointly payable to petitioner and to petitioner's attorneys at Conway, Homer & Chin-Caplan, in the amount of $71,527.57; and**

**(2) in the form of a check payable to petitioner only, Shavara Perkins, pursuant to General Order No. 9, in the amount of $74.45.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.